JACKSON, *ex dem.* BROWN *v.* BETTS.   6 Wend. 173.
### In S. Ct. 9 Cow. 208.

### *Will ; Revocation ; Evidence.*

Ejectment by plaintiffs as devisees, and not as heirs, of Benajah Brown, on a joint and several demise from all and each of the plaintiffs.

The plaintiffs proved that a will devising to them the premises in question, had been duly executed, and was in the custody of the testator for five years afterwards, and within *ten months* previous to his decease, but could not be found after his death. The defendants proved that, after having made his will, the testator upon some occasion took certain papers out of his desk, where he kept all his valuable papers, and burnt the papers taken out, but without showing that the will was among them or had ever been there. The Supreme Court held that it was not sufficient evidence to go to the jury, upon the question of revocation, even in connection with the fact that the will could not be found at the testator's death ; nor should counsel be allowed to urge these matters to the jury as evidence from which they might infer a revocation. On writ of error,

The Court of Errors held, that upon the foregoing state of evidence, the legal presumption was that the testator had destroyed it *animo revocandi*, although it appeared that within a fortnight before his death he applied to a scrivener who had drawn a codicil, to draw another codicil to his will, which, however, was not drawn, nor was the will itself produced to the scrivener at the time. The will in this case was made in 1816, and of course not affected by the provisions of the Revised Statutes upon the subject.

It *seems* to have been held, also, that a *duplicate* will, in the hands of a third person, would, under such circumstan-

ces, be considered as revoked and annulled by the destruction or non-production of that in the hands of the testator.

Chancellor Walworth, in his opinion, maintains that the declarations of the testator, in his last illness, are admissible to show that the testator had destroyed it, or that it was still in existence, *sed qu.;* but that evidence of the relative situation, in point of property, of the testator's children, is inadmissible in support of the presumption of the revocation of a will, where there is no change in the circumstances of the children, between the making and alleged revocation. Judgment reversed.